Mathews, J.
delivered the opinion of the Court.* In this case, the Court having doubted the correctness of their judgment, have attentively considered the grounds of error, suggested by the counsel of the defendant and appellee, in his petition for a re-hearing ; and after the most unbiassed review of the judgment, and careful examination of the facts in the cause, they can perceive no reason, in any respect, to alter their former opinion.
W e do not believe that there has been any mistake in point of fact, in Considering Morgan as the *560 shipper and owner of the sugar ; that he was the ° shipper, there is not a shadow of doubt ; and it does appear equally clear to us from the documents and evidence in the suit, that by his declarations and acts, he has made himself so far the owner, as to be liable on his contract of affreightment. In the suit instituted by him against the Fishers, praying a sequestration and restitution of the property, he explicitly declares "himself the Vendor, to his consignees who were the purchasers, and claims the right of haying it restored to him on account of their bankruptcy : it is then certainly proper to consider him in the character which he has assumed, that of a seller stopping his goods in transit ft, in consequence of the failure of his vendees and consignees: and in. this point of View, it is wholly immaterial whether or not, he purchased the sugar, expressly for the Fishers by their order, provided it was done with his own funds or on his own credit, for in such cases, the agent is considered, in law, so far the owner and seller as to authorise him, to stop the property, when the consignee becomes a bankrupt before delivery. „If we are correct in this view of the facts, the error in law, attributed to the court, is at an end, as it rests solely on the ground of our having misconceived the fact.
The'objection to the judgment, made on, account of not deducting the sum allowed by one of the juries, who tried the cause in the court below, *561 from Ae amount of freight due on' the contract, is so fully explained and done a Way, in our opinion delivered on the first hearing of the suit, that we deem it unnecessary to add any thing more on that subject.
In the petition for a re-hearing and in the course of argument, the difficulty in which the appellee will find himself situated, in obtaining are-imbursement of the freight from his consignees, if compelled to pay it, has been much insisted on. We think, that in the present action, it is not our duty, and therefore we ought not to enquire into' claims that may be made, or rights or obligations which may exist,‘between him and other persons who arc not parties to this suit.
, Iris, therefore, ordered, that the judgment, heretofore given in this cause, shall remain firm and valid in all respects,, as if no re-hearing had been granted.

 Martin, J. did not join in this opinion, having been of counsel the cause.